IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                           Case No. 2:12-CR-064(1) & (2)
                                                  Judge Peter C. Economus
                                                  Magistrate Judge E. A. Preston Deavers

TOMMY L. HUDGENS &
ANNA REBECCA HUDGENS,

    Defendant.

## REPORT AND RECOMMENDATION

The United States of America and Defendants Tommy L. Hudges and Anna Rebecca Hudgens entered into a plea agreement whereby Defendants agreed to enter a plea of guilty to an Information charging each of them with four counts of wire fraud in violation os 18 U.S.C. § 1343. On May 15, 2012, Defendants accompanied by their counsel, appeared for an arraignment.[1] Defendants consented, pursuant to 28 U.S.C. § 636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the Defendant and where no objection to the report and recommendation is filed); *United States v. Torres,* 258 F.3d 791, 796 (8th Cir.

---

[1] Consistent with Federal Rule of Criminal Procedure 44(c)(2, the Court inquired about the propriety of joint representation of Mr. and Mrs. Hudgens by Carlton Duke Fagan, Esq. The Court personally advised each Defendant of the right to effective assistance of counsel under the Sixth Amendment, and that such right entitles them to separate counsel. Following an extensive colloquy, Defendants orally waived the right to separate counsel. Defendants also executed a written waiver. Moreover, counsel assured the Court that there will be no conflict that could result in a lack of effective assistance of counsel or any other prejudice to either Defendant. Based upon the oral and written waiver of the conflict of interest, the Court is satisfied that Defendants have voluntarily and knowingly waived any conflict of interest arising from their joint representation by Mr. Fagan.

2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996). Defendants also waived their right to an Indictment in open court and after being advised of the nature of the charge and of their rights. *See* F.R. Crim. P. 7(b).

During the plea proceeding, the undersigned observed the appearance and responsiveness of each Defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time they entered their guilty pleas, Defendants were in full possession of their faculties, were not suffering from any apparent physical or mental illness, and were not under the influence of narcotics or alcohol.

Prior to accepting Defendants' pleas, the undersigned addressed each Defendant personally and in open court and determined his and her competence to plead. Based on the observations of the undersigned, Defendants understand the nature and meaning of the charges returned in the Information and the consequences of his and her plea. Defendants were also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendants' pleas are voluntary. Defendants acknowledged that the plea agreement signed by each of them, their attorney and the attorney for the United States and filed on March 28, 2012, represents the only promises made to them by anyone regarding the charges in the Information. Defendants were advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, Defendants may nevertheless not withdraw his or her guilty plea. Defendants were likewise advised that if the

District Judge rejects the proposed sentence set forth in the plea agreement that they would be permitted to withdraw their pleas of guilty.

Defendants confirmed the accuracy of the material aspects of the investigating officer's statement of facts supporting the charge. They each confirmed that they are pleading guilty to Counts One through Four of the Information because he and she are in fact guilty of the offenses charged in the Information. The Court concludes that there is a factual basis for the pleas.

The Court concludes that Defendants' pleas of guilty to Count One through Four of the Information is knowingly and voluntarily made with the understanding of the nature and meaning of the charge and of the consequences of their pleas.

It is therefore **RECOMMENDED** that Defendants Tommy L. Hudgens and Anna Rebecca Hudgens' guilty pleas to Counts One, Two, Three and Four of the Information be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, a written presentence investigation report will be prepared by the United States Probation Office. Defendants will be asked to provide information and their attorney may be present if Defendants so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); F.R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the Defendants's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that Defendants waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

DATE: May 16, 2012                              s/ *Elizabeth A. Preston Deavers*
                                                **ELIZABETH A. PRESTON DEAVERS**
                                                **UNITED STATES MAGISTRATE JUDGE**